UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| WEST POINTE LIMITED PARTNERSHIP ET. AL., | ) | Case No. 90-44326-659 |
| | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| GANNON PARTNERSHIP 19, L.P., | ) | **Adversary No. 06-4474-659** |
| | ) | |
| | ) | PUBLISHED |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| SUSMAN, SCHERMER, RIMMEL & SHIFRIN, L.L.C., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is Plaintiff Gannon Partnership 19, L.P.'s Motion for Summary Judgment, Plaintiff Gannon Partnership 19, L.P.'s Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment, Plaintiff Gannon Partnership 19, L.P.'s Memorandum in Support of its Motion for Summary Judgment, Defendant Susman, Schermer, Rimmel & Shifrin, L.L.C.'s Response to Plaintiff Gannon Partnership 19, L.P.'s Motion for Summary Judgment, Susman, Schermer, Rimmel & Shifrin, L.L.C.'s Memorandum in Opposition to Gannon Partnership 19, L.P.'s Motion for Summary Judgment, Susman, Schermer, Rimmel & Shifrin, L.L.C.'s Response to Plaintiff Gannon Partnership 19, L.P.'s Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment, and Reply Memorandum of Gannon Partnership 19, L.P. in Support of its Motion for Summary Judgment. Upon Consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

On September 7, 1990, Debtors filed the five bankruptcy cases underlying this Adversary Proceeding (hereinafter "Chapter 11 Cases"). A separate limited partnership known as St. Louis

Associates Partnership and an individual named Kevin Kelly (hereinafter collectively "SLA-Kelly") managed and controlled Debtors at the time of the bankruptcy filing. Susman, Schermer, Rimmel & Shifrin (hereinafter "SSR & S" or "Defendant") served as Debtors' primary Chapter 11 counsel. Plaintiff Gannon Partnership 19, L.P.'s Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment (hereinafter "Plaintiff's Statement of Facts") p. 1-2, ¶ 1-2; Susman, Schermer, Rimmel & Shifrin, L.L.C.'s Response to Plaintiff Gannon Partnership 19, L.P.'s Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment (hereinafter "Defendant's Response to Plaintiffs' Statement of Facts"), p. 1, ¶ 1-2.

SSR & S received a retainer in the amount of $60,000.00. This retainer and accrued interest now amounts to approximately $82,000.00 (hereinafter "Retainer"), and remains in an interest bearing account at a St. Louis bank. Gannon Partnership 19, L.P. (hereinafter "G.P. 19" or "Plaintiff"), seeks the return of the Retainer from Defendant. Plaintiff's Statement of Facts, p. 2, ¶ 3; Defendant's Response to Plaintiff's Statement of Facts, p. 1, ¶ 3. Debtors were unable to propose a confirmable Chapter 11 Plan of Reorganization. Plaintiff's Statement of Facts, p. 2, ¶ 4; Defendant's Response to Plaintiff's Statement of Facts, p. 1, ¶ 4.

On February 11, 1992, the Gannon Management Company of Missouri and William E. Franke filed a First Amended Joint Plan of Reorganization of the Gannon Management Company of Missouri and William E. Franke (hereinafter "Gannon Plan") in each of the Chapter 11 Cases. G.P. 19 is a separate limited partnership created for the purposes of implementing the Gannon Plan. On June 22, 1992, this Court entered its Order confirming the Gannon Plan (hereinafter "Confirmation Order"). Plaintiff's Statement of Facts, p. 2, ¶ 5; Defendant's Response to Plaintiff's Statement of Facts, p. 1, ¶ 5. On or about July 19, 1992, Plaintiff and the Department of Housing and Urban Development (hereinafter "HUD") held a post-confirmation closing at which time these entities executed the amended Consolidation, Modification and Assumption Agreement (hereinafter "Consolidation Agreement"). As a result, the Gannon Plan was implemented. Plaintiff's Statement

of Facts, p. 2-3, ¶ 6; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 6.

Defendant attempted to withdraw as counsel for Debtors prior to and at the Confirmation Hearing for the Gannon Plan. However, this Court ordered that the Confirmation Hearing proceed with Defendant remaining as counsel for Debtors. On April 18, 1991, September 10, 1992, and June 30, 1994, Defendant filed fee applications (hereinafter collectively "Fee Applications"). Plaintiff's Statement of Facts, p. 3, ¶ 7; Defendant's Response to Plaintiff's Statement of Facts. p. 2, ¶ 7.

HUD objected to allowance of any fees to Defendant based on the fact that assets used to pay administrative fees would be extracted from HUD's collateral. Thus, HUD's approval would be required. Defendant was aware of HUD's position, which was noted by the Court at the Confirmation Hearing and in both the Memorandum dated December 18, 1997 (hereinafter "Valuation Memorandum) and Order dated December 21, 2005 (hereinafter "Fee Order"). After confirmation, HUD continued to argue the same objections to Defendant's subsequently filed Fee Applications. Plaintiff's Statement of Facts, p. 3, ¶ 8; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 8.

The Gannon Plan provided that Debtors sell, convey, and assign property to G.P. 19 in exchange for G.P. 19's promise to assume and pay the original outstanding balance of the HUD Notes totaling $62,322,434.00. Additionally, Mr. Franke agreed to pay $5,595,000.00 over a period of time set forth in the Consolidation Agreement. Plaintiff's Statement of Facts, p. 3-4, ¶ 9; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 9; Pl.'s Ex. 4, p.18, ¶ 5.04.

The Gannon Plan stated that "NO MONIES, PROPERTY OR FUNDS FOR THE PLAN, FOR ANY OF THE CREDITORS OR FOR ANY PAYMENTS UNDER THE PLAN, WILL BE PROVIDED BY FRANKE, GANNON OR G.P. 19 EXCEPT AS EXPRESSLY SET FORTH IN THE PLAN." Plaintiff's Statement of Facts, p. 4, ¶ 10; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 10; Pl.'s Ex. 4, p. 19, ¶ 5.06. The Confirmation Order stated that the Gannon Plan was

feasible and that G.P. 19 had demonstrated its ability to meet its financial obligations under the Gannon Plan and continue its regular course of business. Plaintiff's Statement of Facts, p. 4, ¶ 11; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 11; Pl.'s Ex. 5, p. 5, ¶ I (p). Except as proposed in the Gannon Plan, G.P. 19 did not require further reorganization or liquidation after Confirmation and consummation of the Gannon Plan. Plaintiff's Statement of Facts, p. 4, ¶ 11; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 11; Pl.'s Ex. 5, p. 5, ¶ I(p).

Feasibility of the Gannon Plan was required by Section 1129(a)(11) of the Bankruptcy Code. Section 1129(a)(11) of the Bankruptcy Code provided that unless proposed in the plan, liquidation or final reorganization of a debtor or any successor of a debtor under the plan was not necessary. Plaintiff's Statement of Facts, p. 4, ¶ 12; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 12; 11 U.S.C. § 1129(a)(11). The Confirmation Order substituted the name "G.P. 19" for the Code's phrase "of the debtor or any successor to the debtor". Plaintiff's Statement of Facts, p. 4, ¶ 13; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 13.

A malpractice case was brought against SSR & S in the Untied States District Court for the Eastern District of Missouri by the five original Debtors after confirmation of the Gannon Plan. On March 11, 2005, Debtors and SSR & S executed a Settlement Agreement and General Release of All Claims (hereinafter "Settlement Agreement"). Plaintiff's Statement of Facts, p. 5, ¶ 15; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 15. At the time the Settlement Agreement was executed, there was no ruling on the Fee Applications, which had been taken under submission. Plaintiff's Statement of Facts, p. 7, ¶ 21; Defendant's Response to Plaintiff's Statement of Facts, p. 3, ¶ 21. On December 21, 2005, the Fee Order was entered. Plaintiff's Statement of Facts, p. 7, ¶ 22; Defendant's Response to Plaintiff's Statement of Facts, p. 3, ¶ 22.

The Settlement Agreement was not brought before this Court at any time prior to the entry of the Fee Order of December 21, 2005. Plaintiff's Statement of Facts, p. 7, ¶ 23; Defendant's Response to Plaintiff's Statement of Facts, p. 3, ¶ 23. G.P. 19's counsel served a subpoena upon

Debtors' counsel in the malpractice case seeking production of the Settlement Agreement before the filing of this Adversary Proceeding. Plaintiff's Statement of Facts, p.7, ¶ 24; Defendant's Response to Plaintiff's Statement of Facts, p. 3, ¶ 24. On December 20, 2006, Plaintiff filed Plaintiff's Adversary Complaint For (I) A Declaratory Judgment and Mandatory Injunctive Relief Enforcing Certain Prior Orders of This Court and Deeming Claims Made by Defendant Against Plaintiff Dismissed With Prejudice, or Barring Defendant From any Further Pursuit of Same, (II) Alternatively, for Relief Pursuant to FED. R. CIV. P. 60(b) as Made Applicable Herein by Rule 9024 of the Federal Rules of Bankruptcy Procedure, and (III) For an Order Requiring Defendant to Turn Over Certain Retainer Funds to Plaintiff (hereinafter "Plaintiff's Complaint"). On February 16, 2007, Defendant filed Defendant's Answer to Plaintiff's Adversary Complaint and Counterclaims (hereinafter "Defendant's Answer and Counterclaims"). On March 20, 2007, G.P. 19 and SSR & S entered into a Confidentiality Agreement with respect to a subpoena, to facilitate production of the Settlement Agreement and related documents. Plaintiff's Statement of Facts, p. 7, ¶ 25; Defendant's Response to Plaintiff's Statement of Facts, p. 3, ¶ 25.

On March 19, 2007, G.P. 19 filed Plaintiff's Motion to Dismiss Counterclaim or in the Alternative, Reply and Affirmative Defenses to Defendant's Counterclaim (hereinafter "Motion and Reply"). Plaintiff's Statement of Facts, p. 7, ¶ 25; Defendant's Response to Plaintiff's Statement of Facts, p. 3, ¶ 25. Plaintiff stated in Paragraph 92 of its Motion and Reply an affirmative defense that "[o]n information and belief, SSR & S has released, surrendered, transferred, and/or assigned the claims set forth in its Counterclaim". Plaintiff's Statement of Facts, p. 8, ¶ 26; Defendant's Response to Plaintiff's Statement of Facts, p. 3, ¶ 26.

Plaintiff argues it is entitled to the Retainer that Defendant currently holds in a trust account. Plaintiff asserts that Defendant should never have initiated any proceeding against it to recover fees, which necessitated Plaintiff reopening the Bankruptcy cases to establish Plaintiff's right to the Retainer. Plaintiff contends that due to the nature and legal effect of the Settlement Agreement

between Debtors and Defendant, the Fee Applications should have been withdrawn. Plaintiff further asserts that the terms of the Settlement Agreement entitles it to collect attorneys' fees from Defendant. Also, Plaintiff argues that this Court has equitable power to require Defendant to reimburse all of Plaintiff's fees, costs, and expenses. Plaintiff requests that Plaintiff's Motion for Summary Judgment be granted as to Counts I and III of the Complaint. Plaintiff's Motion for Summary Judgment request dismissal of Count II of the Complaint as moot.

Defendant asserts that Plaintiff is successor and assignee to Debtors for the limited purpose of transfer of property under the Gannon Plan that existed as of confirmation and to consummate the Gannon Plan. Defendant further argues that Plaintiff cannot be deemed successor with respect to the Settlement Agreement entered into by Debtors and Defendant after consummation of the Gannon Plan and assignment of property to Plaintiff by Debtors. Defendant states that there was no intention by the parties for the release in the Settlement Agreement to be for the benefit of Plaintiff. Further, Defendant contends that Defendant's pending Fee Applications before the Bankruptcy Court were not released by the Settlement Agreement.

Defendant argues that Plaintiff is not successor of Debtors with respect to any rights or the release arising from the Settlement Agreement because the Settlement Agreement was not in existence at the time of confirmation and consummation of the Gannon Plan. Thus, Defendant argues that Plaintiff is not entitled to receive the Retainer. Likewise, Defendant argues that Plaintiff is not entitled to attorneys' fees if the Court finds that its successor status makes it a party to the Settlement Agreement because as such Defendant would be released from Plaintiff's claims under the Settlement Agreement. Defendant contends that Plaintiff is not entitled to attorneys' fees because it would not be considered a prevailing party under the Settlement Agreement. Defendant argues that if the Court does find that Plaintiff has successor status under the Settlement Agreement, Plaintiff is still not entitled to attorneys' fees on an equitable basis because allowance of fees on an equitable basis may only be granted by contract, statute, or if the prevailing party

bestowed a benefit upon the non-prevailing party. Defendant argues that none of these requirements apply in this instance. Therefore, Defendant requests that Plaintiff's Motion for Summary Judgment be denied.

**JURISDICTION AND VENUE**

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§151, 157 and 1334 (2006) and Local Rule 81-9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (B) (2006). Venue is proper in this District under 28 U.S.C. §1409(a) (2006).

**CONCLUSIONS OF LAW**

The main issue before the Court is whether summary judgment is appropriate under the facts of this case. "A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by Rule 7056." *In re Gardner*, 220 B.R. 63, 64 (Bankr. E.D. Mo. 1998). "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may…move with or without supporting affidavits for a summary judgment in the party's favor…" FED. R. BANKR. P. 7056(a) (2006).

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056(c) (2006). The movant must demonstrate that the record does not disclose a genuine dispute of a material fact and identify that portion of the record bearing that assertion. *City of Mount Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

"When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212-13(1986). A court must view the evidence presented in a light most favorable to the non-moving party and the non-moving party

must be given the benefit of any inferences reasonably drawn from such evidence. *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 547, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986); *Alpine Elec. Co. v. Union Bank*, 979 F.2d 133, 135 (8th Cir. 1992).

"The movant can meet its burden for summary judgment by showing that little or no evidence may be found to support the non-movant's case." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986). "Once a movant has determined that no material facts are in dispute, the non-movant must set forth facts indicating a genuine issue for trial exists in order to avoid granting of summary judgment." See *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2nd Cir. 1996) (citing *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2nd Cir. 1990)).

**Count I - Claim for Declaratory Judgment and/or Mandatory Injunction Relief**

The issue here is whether Plaintiff is successor in interest to Debtors. A "successor" to a corporation is "an entity which becomes invested with the rights and assumes the burdens of the first corporation, and which is thereafter responsible for prior liens upon corporate property, and all the debts, liabilities, and duties of the first corporation." *In re The Stanley Hotel, Inc., 13 B.R. 926, 933 (Bankr. D. Colo. 1981)* quoting *In re New York, S. & W. Railroad Co., 109 F.2d 988 (3rd Cir., 1940)*. The Court in *Stanley* found that pursuant to the plan, the new entity steps into the boots of the original entity for all relevant purposes. *Id*.

Here, Plaintiff and HUD held a post-confirmation closing on July 19, 1992, at which time they executed and authorized the Consolidation Agreement. Here, the Consolidation Agreement was an exhibit to the Gannon Plan, which was implemented providing that Debtors would sell, convey, and assign property to Plaintiff in exchange for Plaintiff's promise to assume and pay the HUD Notes. Thus, in executing the Consolidation Agreement, Plaintiff stepped into the shoes of Debtors.

The next issue is whether Plaintiff, as successor in interest to Debtors, owes attorneys' fees to Defendant. Defendant filed Fee Applications on April 18, 1991, September 10, 1992, and June

30, 1994. On March 11, 2005, Debtors and Defendant entered into a Settlement Agreement which stated in relevant part that Debtors, Defendant, and their successors and assigns are fully released from liability from any and all past, present or future claims, actions, liabilities, causes of action or suits of any kind presently known or unknown arising in any manner out of, related in any way to, or connected with the subject of the settlement. It must be noted that Plaintiff was judicially determined in the District Court not to be successor to or assignee of Debtors with respect to the malpractice claims against Defendant.

Therefore, as successors of Debtors, in this instance, Plaintiff would not be held liable to Defendant for fees related to any prior Fee Applications filed in the Bankruptcy cases due to the general release language of the Settlement Agreement. Pl.'s Ex. 1, p. 6-9, ¶ 3-4. Moreover, the Court stated in its Valuation Memorandum that Debtors were insolvent. Pl.'s Ex. 7, p.4. The Fee Order granted some fees and denied some fees. Pl.'s Ex. 8, p.12. However, this Court found in the Fee Order that the secured collateral was not subject to surcharge for the allowed fees. Pl.'s Ex. 8, p.12. The Gannon Plan language providing for the conveyance and assignment of Debtors' property to Plaintiff emphasized that no other funds would be available under the Gannon Plan, except as expressly set forth therein. Plaintiff's Statement of Facts, p. 4, ¶ 10; Defendant's Response to Plaintiff's Statement of Facts, p. 2, ¶ 10; Gannon Plan. Therefore, even if Plaintiff was liable here for the fees allowed by the Fee Order, there are no funds available to pay these fees.

**Count III - Action for Turnover of Retainer**

The issue here is whether Plaintiff is entitled to recover the Retainer held by Defendant. The Retainer was given in connection with legal services performed for Debtors. Defendant asserts that the Settlement Agreement released Debtors from Defendant's claims. Likewise, Defendant asserts that the Settlement Agreement also releases Defendant from Debtors' claims, including claims for turnover of the Retainer at issue. Here, prior to the Confirmation Hearing, HUD objected

to the allowance of any fees to Defendant on the grounds that all assets were unavailable for payment of administrative fees. This Court concurred with this assessment by ruling in the Valuation Memorandum that the funds deposited in the attorneys' escrow account were subject to HUD's lien. Defendant received a copy of the Valuation Memorandum through its attorney. Thus, Defendant was aware that the Retainer was encumbered by HUD's secured lien and was unavailable to satisfy any outstanding fees or Fee Applications.

It has been judicially determined that the Retainer was subject to secured liens of HUD. This Court so ruled in the Valuation Memorandum which predated the Settlement Agreement. Pl. Ex. 7, p. 9-10. This Court then later determined that not only was the Retainer subject to HUD's liens, but also that the Retainer was unavailable to pay the allowed fees in the Fee Order, which postdated the Settlement Agreement. Pl.'s Ex. 8, p. 8, 10-11. Therefore, the Retainer should be returned to Plaintiff.

The final issue is whether Plaintiff can recover its costs and reasonable attorneys' fees from Defendant. Here, this Court finds that Plaintiff is not entitled to recover attorneys' fees from Defendant.

Therefore, by separate Order Plaintiff's Motion for Summary Judgment will be granted in part in Plaintiff's favor as to Counts I and III, Plaintiff's Motion for Summary Judgment will be denied as moot as to Count II and Defendant's Counterclaims will be dismissed with prejudice.

Kathy A. Surratt-States

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: May 19, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

Robert H. Brownlee
Thompson Coburn LLP
One US Bank Plaza, Ste. 2600
St. Louis, MO 63101

Peter D. Kerth
Gallop, Johnson & Neuman, L.C.
101 S. Hanley, Suite 1600
St. Louis, MO 63105